IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NEXTPOINT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:20-cv-765 (LMB/TCB) |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

On September 11, 2020, the assigned magistrate judge issued a Report and Recommendation ("Report") recommending that a default judgment be entered in favor of plaintiff NextPoint, Inc. ("plaintiff" or "NextPoint") against defendant domain names agingfabulous.com; alloydigital.com; alloyeducation.com; alloymarketing.com; alloyonline.com; alloytv.com; awkwardnames.com; b5media.com; bakingdelights.com; breakmedia.com; brkmd.com; buzzerbeat.com; cheatfiles.com; chickipedia.com; defymedia.com; ebeautydaily.com; epicwtfs.com; europestring.com; forgedinbattlegame.com; funnyreceipts.com; gamingforums.com; generatela.com; gurlpages.com; hatfallgame.com; ifilmcodes.com; ifilm.com; ifilmcorp.com; ifilmcorp.net; ifilmmail.com; ifilm.net;  filmnetworks.net; ifilm-pro.com; ifilmpro.com; ifilmpro.net; ifilmpublishing.com; ifilmstaff.com; ifilmstudios.com; ifilmtelevison.com; ifilm.tv; makeupminute.com; mustamine.com; myroughlife.com; nextpt.com; offbeathomes.com; parentfails.com; pophangover.com; racketsandballs.com; sfuniverse.com; shutthefailup.com; simplythrifty.com; sugarloot.com; takkle.com; thatdamnpc.com; theparistraveler.com; theworststuffever.com; uturf.com; wallstreetfighter.com; worklols.com; worstthingieverate.com ("domain name defendants") for cyberpiracy in violation

of 15 U.S.C. § 1125(d). The Report advised the parties that any objection to its findings of fact or conclusions of law had to be filed within fourteen days and that failure to file timely objections waives appellate review of any judgment based on the Report. As of October 13, 2020, no party has filed an objection.

Plaintiff's eight-count complaint alleges violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d) (Count I); violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count II); violation of the Virginia Computer Crimes Act, § 18.2-152.3 (Count III); violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511 (Count IV); a claim for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Count V); tortuous interference with contractual relationship (Count VI); a claim to quiet title (Count VII); and conversion (Count VIII). Plaintiff moves for a default judgment only as to Count I, requesting that the remaining counts be dismissed without prejudice.

The Report correctly found that the Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action arises under federal law. The Report also correctly found that the Court has in rem jurisdiction over the domain name defendants pursuant to 15 U.S.C. § 1125(d)(2)(A) because the domain name defendants have violated plaintiff's trademark and plaintiff cannot obtain in personam jurisdiction over the registrant of the domain name defendants because the individual who would have been the defendant in this civil action is using a fictious name, address, and email address to conceal his or her identity. See also Gong Zheng Jin v. 001hh.com, 2015 WL 3456569, at *2 (E.D. Va. May 28, 2015). Venue is likewise proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) because Verisign, Inc., the registry for the domain name defendants, is located in this district. See also Gong Zheng Jin, 2015 WL 3456569, at *2. Lastly, the Report correctly found that service of process has been accomplished

pursuant to Federal Rule of Civil Procedure 4(n)(1) because plaintiff complied with 15 U.S.C. § 1125(d)(2)(A)(ii) by sending notice to the registrant of the domain name at the postal or e-mail address provided to the registrar, and by publishing notice of the action as directed by the court. See also Gong Zheng Jin, 2015 WL 3456569, at *2. Plaintiff moved for notice by publication on July 9, 2020, which motion was granted the next day, and published notice in The Washington Times on July 15, 2020. [See Dkt. No. 7-1].

Having fully reviewed the Report, case file, and plaintiff's motion for entry of default judgment, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. Accordingly, for the reasons stated in the Report, plaintiff's Motion for Default Judgment [Dkt. 10] is GRANTED as to Count I, and it is hereby

ORDERED that Verisign, Inc. promptly return control of the defendant domain names to plaintiff Nextpoint, Inc., and change the registrar of the defendant domain names as directed by plaintiff's counsel; and it is further

ORDERED that Counts II-VIII be and are DISMISSED without prejudice.

The Clerk is directed to enter judgment in favor of plaintiff under Fed. R. Civ. P. 55, to forward copies of this Order to counsel of record for plaintiff and to Verisign, Inc. at its address of record, and to close this civil action.

Entered this 15 day of October, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge